**CITY OF COLUMBIA, Missouri, A Municipal Corporation, Plaintiff/Appellant,**

v.

**L.D. and Anna BAURICHTER, Defendants/Appellants,**

**Anderson Heirs, Defendants/Appellants,**

**Fred and Mabel Coats, et al. Defendants/Respondents.**

No. WD 35463.

Missouri Court of Appeals, Western District.

Jan. 15, 1985.

Thomas M. Schneider, Jones & Scott, Columbia, for City of Columbia.

George A. Spencer, Columbia, for L.D. & Anna Baurichter.

Jeffrey O. Parshall, Knight, Ford, Wright, Atwill & Parshall, Columbia, for Anderson Heirs.

David V. Bear, Bear, Hines & Thomas, Columbia, for Fred Coats, et al.

Before KENNEDY, P.J., and DIXON and CLARK, JJ.

CLARK, Judge.

This is a condemnation suit in which the City of Columbia has acquired land for a public park. Controversies existed as to ownership interests in the lands taken and in the condemnation awards and motions were filed seeking apportionment of the funds among the various claimants. This appeal is prosecuted by three of the parties who contend the court erred in its judgment ruling on those claims.

The land taken in condemnation is an abandoned strip of M–K–T Railroad right-of-way 100 feet in width extending generally from northeast to southwest across the southwest quarter of Section 28, Township 48, Range 13 in Columbia, Boone County. As described in the condemnation petition and in the awards made by the commissioners, the property was divided into four tracts. Tract A is the southerly one-half of the strip, being a parcel 50 feet in width and approximately 3300 feet in length. Tracts B, C and D together comprise the north one-half of the strip and are also 50 feet in width. These latter tracts are unequal, Tract B being 1.171 acres more or less, Tract C being 0.811 acres more or less and Tract D being 1.56 acres more or less.

The commissioners' report assessed damages for the taking of Tract A at $28,600, for Tract B at $40,500, Tract C at $15,700, and Tract D at $14,800. After the commissioners' report was filed, the city deposited the total award of $99,600 with the court and the motions for apportionment were filed by the various interested defendants.

Because of the disposition made of this appeal, it is unnecessary to describe in detail the bases on which the contesting defendants asserted their respective claims to the condemnation proceeds. It will suffice to say that the trial court was called upon to construe the intent and effect of various deeds given in the late nineteenth century to create the railroad right-of-way and to decide which of the contesting claimants owned the land by reverter after abandonment of the rail line in 1977.

Appellants Baurichter claim all of the proceeds of the awards for the four tracts and appeal from the trial court's order declaring them to have owned only the south one-half of the right-of-way. Appellants designated as the Anderson heirs, being sixteen individuals, also claim all of the award proceeds and they appeal from the trial court's order which found that the Anderson heirs had no interest in the condemned property. The City of Columbia, as intervenor in the motion hearings, appeals and supports the claim of the Anderson heirs.

The respondents are the Tarleton Development Corporation, Fred and Mable Coats, Gary and Sarah Sapp and Fred and Ann Riddle. The trial court apparently ruled that all of these respondents owned the north one-half of the right-of-way. Respondents claim no error in that decision nor in the ruling favoring appellants Baurichter and rejecting the claim of the Anderson heirs.

The evidence presented to the trial court in support of the respective motions for division of the condemnation proceeds consisted entirely of documents and a stipulation. On November 2, 1983, the court entered its Memorandum Decision which concluded with the following judgment:

"It is thus the decision of this court that the Defendants Anderson, et al are not entitled to any of the condemnation proceeds in this case, that the Defendants Baurichter, et al are entitled to one-half of said proceeds, and that the Defendants Coats, et al are entitled to the other one-half of said proceeds."

This entry was supplemented on November 9, 1983 with the following:

"Judgment in memorandum decision of November 1, 1983 amended as follows: In 'Conclusion' portion of memorandum decision, the judgment should be that the deft's Anderson et al are not owners of any real estate in the Southwest Quarter of Section 28, and that the D's Baurichter, et al are the owners of the South half of the railroad right of way in that Quarter Section and the Deft's Coats et al are the owners of the North half of the railroad right of way in that Quarter section. The original decision implies division of proceeds on one half and one-half basis and such is incorrect."

Motions for distribution of condemnation awards among defendants are procedurally controlled by § 523.053, RSMo.1978. The statute sets out a complete scheme whereby awards made jointly to a number of defendants claiming interests in the condemned lands may obtain distribution of the awards by agreement or, failing that, by an adjudication made by the court. The statute grants a right of intervention to the plaintiff in the condemnation action and also confers the status of a final judgment upon the trial court's decision allocating the award among the contesting parties. The significance of the judgment extends not only to the immediate division of the award. The percentage shares set off to each party also control in the trial of exceptions and govern any additional compensation to be paid or refund due in the event the award is reduced. The determination of shares upon the issues tried under the motions is final irrespective of future developments in the case.

The statute expressly requires the court hearing the cause on motions for distribution to " * * * determine the percentage of the award to which each party having an interest therein is entitled." The judgment in this case quoted above did not make the determination of issues which the statute requires. The trial court therefore did not exhaust its jurisdiction and the judgment is not a final judgment which may be considered here on appeal.

 The first deficiency in the judgment, as modified, is that it makes no declaration of the percentage interests of the parties in the award. Instead, it purports to decide ownership claims to the condemned land. Quite apparently, the judgment errs in reciting present ownership by any of the defendants because the land stands condemned, it is owned by the City of Columbia and all claims are transferred to the award proceeds. Apart from this technical misdirection, however, the recitations in the successive entries create doubt as to what the court did intend regarding the award share to be set over to the Baurichters. In the first entry, these defendants were allowed "one half of the proceeds", presumably one-half of $99,600. The second entry disclaims any intent to grant any such allowance but it fails to say what percentage the Baurichters were to receive.

The same difficulty necessarily also follows upon the declaration that "Deft's Coats et al" are the owners of the remainder of the condemned land. Until the court declares what percentage of the award is allotted to the Baurichters, the balance remaining for the other defendants obviously cannot be computed. As to these remaining defendants, however, a further deficiency in the adjudication exists.

■ According to the pleadings, and there appears to have been no evidence to the contrary, the "Deft's Coats et al" do not share a common claim to any of the proceeds. The corporation, Tarleton Development owned, prior to condemnation, Tract B subject to a security interest of a mortgagee. Gary M. Sapp and Sarah F. Sapp and W. Fred Riddle, Jr. and Ann Ashley Riddle owned Tract C and Fred and Mabel Coats owned Tract D. Each of these defendants expressly disclaimed any interest in the award proceeds except as to the amounts set by the commissioners for the particular tracts indicated. The judgment is patently erroneous when it groups all of these defendants together and ignores the divisible interests to which the parties themselves agree.

■ The judgment as entered also errs in its failure to recognize that the four tracts of land taken were defined separately in the condemnation petition and separate awards of damages were made for each. The motions required the court to determine the percentage interests of the defendants in each award. It may be that if, as the court declared, the Baurichters were the owners of the south one-half of the right-of-way, they are thereby entitled to 100% of the award made for the taking of Tract A. The language of the two entries, however, suggests that the court may have entertained some doubt, else it could readily have set apart the awards in proportions, as it initially attempted to do, rather than make a declaration of ownership in the land.

■ The issues of ownership in the land prior to condemnation were hotly contested. The Baurichters did not concede that their claim was limited to Tract A. The content of the judgment entry does not settle the question of whether the award made for Tract A corresponds in terms of compensation to the Baurichters for their actual ownership interests prior to condemnation. So, too, does the judgment fail to allot the awards for Tracts B, C and D as mentioned above. The judgment is incomplete and we will not undertake to speculate on its intended result.

The appeal is dismissed.

All concur.