**Theodis BROWN, Plaintiff/Appellant,**

v.

**Patrick LAWLESS, et. al, Defendants/Respondents.**

**No. ED 89567.**

Missouri Court of Appeals, Eastern District, Division Five.

June 29, 2007.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 15, 2007.

---

Theodis Brown, Pro Se, St. Louis, MO, for appellant.

Patrick Lawless, St. Louis, MO, pro se.

BOOKER T. SHAW, C.J.

Theodis Brown (Appellant) appeals from a judgment dismissing his petition without prejudice. Because there is no final, appealable judgment, the appeal is dismissed.

Appellant filed a petition against "Patrick Lawless et al, Romona Nash & Et Tals (sic)" (Respondents). On March 21, 2007, the trial court noted that the petition was "so illegible and poorly drafted that it lacks merit" and that "the exact number of intended defendants and their names can-not be determined." The trial court denied Appellant's request to proceed as a poor person and directed the Circuit Clerk to take no further action unless Appellant provided a legible list of each intended defendant, with street address service instructions, service copies for each defendant, and the filing fee. The court held that if Appellant complied with these instructions, summons shall issue. However, if Appellant failed to comply, the matter would be dismissed without prejudice. Appellant was provided until March 30, 2007 to comply. Subsequently, the trial court entered a judgment on April 3, 2007, concluding that Appellant had failed to comply with its order and dismissed Appellant's cause of action without prejudice.

An order of dismissal without prejudice is not a final judgment and is not appealable. *Ampleman v. Schweiss,* 969 S.W.2d 862, 863 (Mo.App. E.D.1998). Appellant's cause was dismissed without prejudice after he failed to comply with the trial court's order of March 21, 2007. There is nothing that prohibits Appellant from simply refiling his petition, so long as it complies with the trial court's requirements.

This Court must sua sponte determine its own jurisdiction. *Eldridge v. Barnes,* 189 S.W.3d 182, 183 (Mo.App. E.D.2006). We issued an order to Appellant directing him to show cause why his appeal should not be dismissed. Appellant has filed a document in response to the order, but this response fails to address the issue of whether the judgment is appealable, but asserts the decision can be reversed for abuse of discretion.

The appeal is dismissed for lack of a

final, appealable judgment.[1]

GLENN A. NORTON, J. and
PATRICIA L. COHEN, J.

---

1. This Court previously dismissed one of Ap-
pellant's prior appeals in an unrelated case,
because it was a dismissal without prejudice
and there was no final, appealable judgment.
*Brown v. Dooley,* 207 S.W.3d 648, 649 (Mo.
App. E.D.2006).