Gary M. Gaertner, Jr., Presiding Judge
Introduction
Reverse Mortgage Solutions, Inc. (RMS) appeals the judgment of the trial court distributing a condemnation award pertaining to real property taken by the Land Clearance for Redevelopment Authority of the City of St. Louis (LCRA) and encumbered by a mortgage deed held by RMS. Because the trial court's judgment is not final for purposes of appeal under Section 523.053,[1] we dismiss.
Background
In December of 2015, LCRA filed a petition in eminent domain seeking to condemn several parcels of real property, including *525 Parcel 17, the property at issue in this appeal. The trial court issued its condemnation order for the property on January 29, 2016. The trial court appointed a panel of commissioners to assess damages for the property taken. On May 11, 2016, the commissioners awarded damages of $80,000 for Parcel 17. LCRA and RMS filed exceptions to the award on May 31, 2016, and June 7, 2016, respectively. On June 23, 2016, LCRA tendered payment for Parcel 17 to the registry of the trial court in the amount of $100,706.85, which represented the $80,000 award plus $20,000 for homestead value, as required by Section 523.001, and interest.
On July 22, 2016, RMS moved to distribute the award for Parcel 17, requesting $98,106.16 of the award in payment toward the mortgage debt encumbering the property. After a hearing, the trial court issued its distribution judgment. The trial court found there were liens on Parcel 17 in favor of the Metropolitan St. Louis Sewer District (MSD) and the City of St. Louis Collector of Revenue, and the trial court distributed $924.74 and $145.31 to these parties, respectively. The trial court distributed $13,000 of the condemnation award to RMS, finding that RMS and Maria Mitchell (Mitchell), who co-owned Parcel 17 with three other family members, had negotiated to settle the mortgage debt for that amount.[2] The trial court also found that Mitchell was entitled to the $20,000 homestead allowance included in the award because she had been living in the residence on the property. The trial court additionally awarded $2,000 to Mitchell's attorney and divided the remaining funds among the four co-owners of Parcel 17 as follows: $34,159.20 to Mitchell, and $10,159.20 each to John Frazier, Vernon Frazier, and Shanta Kyles. After such distribution, the trial court added the following: "Fee simple owners (Mitchell, John Frazier, Vernon Frazier, and Shanta Kyles) are each entitled to 25% of the proceeds on any final distribution after a trial of exceptions." This appeal follows.
Discussion
As a threshold matter, we are obligated to examine our jurisdiction sua sponte. Brown v. Lawless, 230 S.W.3d 343, 344 (Mo. App. E.D. 2007). The right to appeal is statutory. Comm. for Educ. Equal. v. State, 878 S.W.2d 446, 450 (Mo. banc 1994). Here, Section 523.053 governs the appealability of condemnation award distributions. Subsection 2 mandates the following within thirty days of any motion for distribution:
[T]he court having jurisdiction of said cause shall determine the percentage of the award to which each party having an interest therein is entitled. Any party aggrieved of the determination of interests made by the court shall have the right of appeal therefrom, and the same shall be considered as a final judgment for such purposes.
Section 523.053.2. Before reaching the merits, we must determine whether the trial court's judgment here is final under this statute, and the parties dispute what Section 523.053 requires.
*526 In interpreting statutes, our primary task is to discern the intent of the legislature, giving the language used its plain and ordinary meaning. State ex rel. Womack v. Rolf, 173 S.W.3d 634, 638 (Mo. banc 2005) (quoting Hadlock v. Dir. of Revenue, 860 S.W.2d 335, 337 (Mo. banc 1993) ). While there is no Missouri Supreme Court precedent interpreting Section 523.053, the Missouri Court of Appeals for the Western District has held the plain language of Section 523.053.2 contemplates that a trial court must designate percentages of the total award to each interested party. State ex rel. Mo. Highway & Transp. Comm'n v. Gillespie, 86 S.W.3d 459, 465 (Mo. App. W.D. 2002).
We agree that the plain language of this subsection requires the trial court to determine each party's interest by percentage in relation to the total award. Additionally, the purpose for doing so can be seen in the next subsection of Section 523.053:
The respective interests of all parties in the award made as a result of the condemnation action ... shall be final and shall extend by percentage to any additional compensation awarded or any reduction of the award thereafter made, together with interest, on the trial of exceptions....
Section 523.053.3. By assigning percentages, the trial court enables the distribution award to be adjusted and remain applicable in the event of a change in the total award after a trial of exceptions. It is this stability that allows such a distribution award to be appealable on the merits in terms of the propriety of the distributions to each party, because the respective underlying distributions will remain and be relative to any eventual increase or decrease in the total award. Thus, percentages are crucial to finality under Section 523.053.
However, percentages of the total award alone are unhelpful in cases where, as here, there are liens or a mortgage in a specific amount, such that if the trial court only assigns a percentage of the total award to that interest, an increase or decrease in the final award, which is then extended by percentage, could result in a lienholder either remaining partially unpaid or receiving a windfall. Subsection 3 of Section 532.053 recognizes this issue as well, After noting that the trial court's award extends by percentage to any increase or decrease in the final award, subsection 3 continues:
... provided, that when the determinable interest of any defendant is not related to the difference in the value of the property before and after the taking by condemnation, such share set out i n ... the court's finding thereof shall not be affected by any increase or reduction so long as the final award is not less than such interest.
Thus, lienholders and mortgagors should receive only up to the amount of their determinable interest, and less than that only if the total award is lower than their interests.
We find that the plain language of these two subsections indicates the legislature intended that a final, appealable judgment under Section 523.053 would designate clearly both such determinable interests as well as variable interests so that the judgment could be applied to an increase or decrease of the final award of any amount after a trial of exceptions. Therefore, any judgment that leaves unclear what would happen in the event of either an increase or a decrease in general, or an increase or decrease of a particular amount after a trial of exceptions, cannot be final under Section 523.053.
The question, then, is how a trial court should specify both determinable interests *527 and variable interests in terms of percentage in order to comply with Section 523.053.2. While we decline to specify the exact language a trial court must use, we note that Gillespie offers an example. 86 S.W.3d 459. There, the only two interests to which the trial court distributed funds were a mortgagor and the owner of the subject property. Id. at 464. The trial court distributed "100% of the award as to the first $96,367.74" to the mortgagor of the subject property, and "100% interest in the balance of said award" to the homeowner. Id. The Western District held that under the circumstances of that case, where the mortgagor had a priority interest of a set amount but a trial of exceptions had not yet determined the final total award, the trial court's distribution of the award complied with Section 523.053.2. Id. at 465-66. Had the trial court simply awarded the bank 83 percent of the award ($96,367.74 was 83 percent of the commissioners' award), then any change in the total award would either not fully satisfy the bank's interest or would overpay the bank. Id. Thus, the trial court's order made clear that the first $96,367.74 of the award should go to the bank, and if anything remained, it would go to the homeowner. This adequately accounted for an increase or decrease of the award, in any amount, after a trial of exceptions. See id.
The present case is more complex in that there are multiple determinable interests to which the trial court distributed portions of the commissioners' award, and for which there has yet to be a trial of exceptions. After assigning specific amounts to two lienholders and RMS as mortgagor, as well as specific amounts to Mitchell for a homestead allowance and to her attorney, the trial court divided the remaining funds among the four co-owners, with a greater amount to Mitchell and lesser amounts equally to her three co-owners. The judgment then seems to designate any increase in the total award to the four co-owners equally by percentage: "Fee simple owners (Mitchell, John Frazier, Vernon Frazier, and Shanta Kyles) are each entitled to 25% of the proceeds on any final distribution after a trial of exceptions." Thus, this judgment adequately accounts for any increase in the total award after a trial of exceptions.
However, the judgment as written offers no guidance in the event of a reduction in the commissioners' award. Even if we were to interpret it as requiring the four co-owners to return 25 percent of any reduction in the commissioners' award, this still leaves unanswered the distribution of funds should the reduction amount exceed the amounts distributed to the four co-owners, or whether that would include Mitchell's separate distribution of $20,000 for the homestead allowance, or the $2,000 in attorney fees, for which there was no evidence of a lien. The trial court did not assign an order of priority to any of the determinable interests, and as such, there is no way to resolve how the award would be distributed should it be significantly reduced in this way after a trial of exceptions.[3] ,[4]
*528 RMS argues that Section 523.053.3 contains default rules that apply where a trial court fails to specify percentages as required by Section 523.053.2. RMS argues that the appellate court would: (1) simply calculate the percentages from the amounts the trial court ordered and then that percentage would apply to any reduction, and (2) keep the determinable interests the same pursuant to subsection 3. As we have already stated, the plain language of subsection 2 contains the mandatory directive that the trial court "shall determine the percentage of the award" for each interested party in its judgment, and such judgment is final. Section 523,053.2. We have noted additionally this must account for determinable interests in a way that establishes priority, as Gillespie demonstrated. Any judgment that does not comply with subsection 2 is not final. Therefore, we do not find subsection 3 provides default rules to achieve finality in the event the trial court's judgment does not comply with subsection 2, but rather subsection 3 contains additional directives for adjusting the trial court's distribution after the trial of exceptions, assuming the trial court had complied with subsection 2.[5]
The judgment here failed to satisfy the conditions of finality in Section 523.053 and therefore is not appealable. While this issue may seem "a matter of mere technical concern," we are mindful that judicial restraint and integrity demand that we only exercise jurisdiction where it has been granted by statute. Comm. for Educ. Equal., 878 S.W.2d at 450. Because the trial court's judgment lacks finality under Section 523.053, we must dismiss the appeal. See City of Columbia v. Baurichter, 684 S.W.2d 903, 906 (Mo. App. W.D. 1985).
Robert M. Clayton III, J., concurs.
Angela T. Quigless, J., concurs.

All statutory references are to RSMo. (2000) unless otherwise indicated.

Though this finding is contained in the trial court's judgment, we find no evidence in the record submitted on appeal of such settlement negotiations. There was evidence RMS fulfilled its federal statutory obligations to offer Mitchell an opportunity to pay off the mortgage for 95 percent of its then-appraised value, or $12,350, and there was evidence that the written payoff offer expired. Counsel for LCRA stated during the distribution hearing that oral settlement negotiations between Mitchell and RMS had continued. Regardless, we do not reach the merits of this issue given the lack of finality of the trial court's judgment.

Further, though we need no evidence under the statute that such a reduction is likely, given evidence in the record that shortly before the condemnation the appraised value of the property was $13,000, we cannot exclude the possibility of a substantial reduction in the total award after a trial of exceptions.

To illustrate, Section 523.053.3 states a defendant's determinable interest is only reduced if the final award is less than such interest. However, given that there are several determinable interests here, a final award such as $13,000, may not be less than any one of them while at the same time failing to satisfy all of them. An order of priority would establish the order by which the interests would be reduced under Section 523.053.3.

Even if we were to accept RMS's argument, doing so may create an ambiguity in the trial court's language here. The trial court assigned 25 percent of any final distribution to the four co-owners, but the awards to the co-owners were not equal, so to calculate those percentages and extend them to a reduction would not result in the co-owners each being responsible for 25 percent of the reduction. Additionally, as noted, supra, subsection 3 alone still fails to resolve what would happen to the trial court's awards regarding the liens and mortgage here in the event of a reduction in the award by a greater amount than all of the variable amounts awarded to the co-owners. The trial court did not determine the priority of each interest, though this issue was disputed by the parties. This only confirms that subsection 3 cannot salvage finality where a court failed to achieve it under subsection 2.