In the Interest of T. R., Appellant,

v.

Wilbert LONG, Chief Juvenile Officer of the Juvenile Court of City of St. Louis, Respondent.

No. 43194.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 7, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 21, 1981.

J. Lawrence Clark, St. Louis, for appellant.

Lance Bretsnyder, Andrew T. Kotschar, St. Louis, for respondent.

CRIST, Presiding Judge.

Juvenile proceeding by which the custody of T. R. was transferred from his mother to the Division of Youth Services. We affirm.

On June 29, 1979, the Juvenile Division of the Circuit Court of St. Louis took jurisdic-

tion of T. R., a/k/a H. L. K., Jr., born February 28, 1964. The court ordered that T. R. be placed in the custody of his mother under continued court supervision, and subject to certain specified conditions. One of the stated conditions, and the only one which is pertinent to this appeal, was, "... child is to attend school daily, being excused only for reasons of illness; ...."

Thereafter, on June 24, 1980, the juvenile officer filed an amended motion to modify which alleged that T. R. had violated the terms of the earlier order in that he failed to attend school thirteen (13) of eighteen (18) possible school days, between March 19, 1980 and April 22, 1980. Following a hearing in which the juvenile court determined that the facts alleged in the motion were accurate, the court transferred custody of T. R. to the Division of Youth Services for appropriate placement.

In Point I of his brief on appeal, T. R. contends that the amended motion to modify failed to allege facts sufficient to constitute a cause of action because it contained no allegation that T. R. was subject to compulsory school attendance, or that he was repeatedly absent from school without justification. We disagree.

■ Generally, speaking, more particularity is required of the original petition which seeks to invoke the juvenile court's jurisdiction (pursuant to § 211.031, RSMo. 1978), than is required of subsequent motions to modify once said jurisdiction has been established.

■ In the instant case, the juvenile court had already assumed jurisdiction of T. R. by virtue of its June 29, 1979 order, and the subsequent motion to modify was sufficient to apprise T. R. that he was considered to have violated the terms of said order by his failure to attend school. It was immaterial that T. R. was sixteen years of age and therefore not subject, by statute, to compulsory school attendance.

■ Section 211.251, RSMo.1978 provides that a juvenile court may amend or modify any decree it earlier issued pursuant to § 211.181, RSMo. (1978) (even upon its own motion) and, T. R. was subject to its continued jurisdiction. *State ex rel. McCarty v. Kimberlin*, 508 S.W.2d 196, 199 (Mo. App.1974). The juvenile court must be afforded great deference in this regard.

■ Again, and for the same reasons, we deny T. R.'s second contention, *i. e.:* That the trial court erred when it committed him to the custody of the Division of Youth Services and thereby denied him the opportunity to obtain employment because he was sixteen years of age and not subject to compulsory school attendance. There existed ample evidence to justify his change of custody.

Judgment affirmed.

REINHARD and SNYDER, JJ., concur.