Kathy OGLE, Appellant,

v.

Darrell E. BLANKENSHIP, Respondent.

No. ED 82093.

Missouri Court of Appeals, Eastern District, Division Two.

Aug. 26, 2003.

Joseph R. Aubuchon, Daniel E. Leslie (co-counsel), Union, MO, for appellant.

Charles S. Birmingham, St. Louis, MO, Julie Forman–Jones, Union, MO, for respondent.

## *OPINION*

GLENN A. NORTON, Presiding Judge.

### I. BACKGROUND

Kathy Ogle ("Mother") appeals the judgment modifying the parties' dissolution decree to transfer custody of their child to Darrell Blankenship ("Father"). We find that the judgment was entered without jurisdiction and dismiss the appeal.

The parties' marriage was dissolved by the circuit court of Franklin County, and in the dissolution decree Mother was given physical custody of their child. The parties shared legal custody. A couple of years later, a juvenile officer filed a petition in the juvenile court of Franklin Coun-

ty reporting that the child was in temporary protective custody with the Division of Family Services because of alleged abuse by Mother and her boyfriend. In his answer to this petition, Father sought to have custody of the child transferred to him. After a hearing attended by Mother, Father, the juvenile officer and the child's guardian ad litem, the juvenile court entered an order finding that it had jurisdiction over the child under the juvenile code, chapter 211 RSMo 2000.[1] The court also entered a judgment sustaining the allegations of abuse, continuing its jurisdiction over the child and ordering the child to remain in DFS's legal custody under the court's supervision. DFS placed the child with Father, and the court scheduled a permanency plan review hearing.

Shortly after the juvenile court judgment giving DFS custody was entered, Father filed in the circuit court a motion to modify the dissolution decree to transfer physical and legal custody of the child to him. It appears that the same judge was presiding over both the dissolution and juvenile cases. The dissolution case was consolidated with the juvenile case, and all future filings were directed to be made under the juvenile case number.

The court held an evidentiary hearing—again attended by all parties—at which the court noted that, in its view, consolidation of the dissolution and juvenile cases gave it jurisdiction to determine whether custody should be transferred from DFS to Father and that it was considering Father's motion to modify "as a motion in the juvenile case to transfer custody from DFS to [Father]." After the hearing, the court entered a judgment captioned with both case names and numbers, but titled "Judgment Modifying the Parties' Judgment and Decree of Dissolution." Therein, the court described the hearing as one at which evi-

dence was taken on Father's motion to modify the dissolution decree "together within the juvenile file the court's motion to transfer custody within the juvenile file from [DFS] to [Father]." The court also stated that it had "dual jurisdiction" over the child's custody by virtue of both the dissolution and juvenile cases.

On the merits, the court found that Mother had refused to accept the undisputed fact that her boyfriend (who was by then her husband) had harmed her child and found that she was not likely to protect the child from further harm in the future. The court concluded that there had been a change in the child's and Mother's circumstances necessitating a change of custody to protect the child's best interests. The court awarded physical and legal custody of the child to Father, subject to supervised visits with Mother, and Mother was ordered to pay child support. The court also ordered that the juvenile case remain open and set for a review hearing.

## II. DISCUSSION

 Mother challenges the trial court's jurisdiction to enter this judgment while the juvenile case was pending. Jurisdiction is a question of law that we review *de novo*. *In re Marriage of Jeffrey*, 53 S.W.3d 173, 175 (Mo.App. E.D. 2001). We find that the court did not have jurisdiction to transfer custody to Father by modifying the dissolution decree.

It is undisputed that the juvenile court in this case validly assumed jurisdiction over this child based on its findings that the child had been abused. *See* section 211.031.1(1)(a) and (b). Thereafter, the juvenile court's jurisdiction to determine custody was paramount to and superseded the

1. All statutory references are to RSMo 2000.

jurisdiction of any other court, including the dissolution court, on that issue and it could proceed, with continuing jurisdiction, to the exclusion of those other courts. *State ex rel. Dubinsky v. Weinstein*, 413 S.W.2d 178, 182 (Mo. banc 1967); *State ex rel. McCarty v. Kimberlin*, 508 S.W.2d 196, 199 (Mo.App.1974). The dissolution court, therefore, had no jurisdiction to determine the child's custody. As to whether consolidation of the dissolution case with the juvenile case conferred jurisdiction on the trial court to determine custody by modifying the dissolution decree, we find *In re Matter of J.F.K.* instructive. 853 S.W.2d 932, 933 (Mo. banc 1993).

In *J.F.K.*, the juvenile court assumed jurisdiction over a neglected child and transferred custody of the child to DFS. *Id.* at 933. DFS placed the child with foster parents, who filed a separate action in the same juvenile court for adoption of the child under chapter 453. *Id.* at 935. The neglect case and the adoption case were then pending and proceeding in the same court, although presided over by different judges. *Id.* The adoption case was dismissed on the grounds that it could not proceed while the underlying neglect case was pending. *Id.* at 934. In affirming the dismissal, the Supreme Court relied on section 211.093, which provides that custody orders under the juvenile code trump other inconsistent custody orders:

> Any order or judgment entered by the court under authority of this chapter or chapter 210, RSMo, shall, so long as such order or judgment remains in effect, take precedence over any order or judgment concerning the status or custody of a child under age twenty-one entered by a court under authority of chapter 452, 453, 454 or 455, RSMo, but only to the extent inconsistent therewith.

Section 211.093. "This statute precludes the operation of any order affecting the status or custody of a minor child under chapter 453 that is inconsistent with an order entered under chapter 211." *Id.* at 935. The Court found that any order granting adoption to the foster parents under chapter 453 would be patently inconsistent with the order giving DFS custody under chapter 211. *Id.* According to section 211.093, the juvenile code order took precedence. *Id.* Therefore, the Court held, the juvenile court had "no jurisdiction to proceed on the [foster parents'] action for custody and adoption because the action is preempted by the underlying neglect case." *Id.*

■ In this case, the judgment purports to modify the dissolution decree to give Father custody of the child based on a change of circumstances and the child's best interest in accordance with chapter 452. This judgment is patently inconsistent with the judgment entered under chapter 211 giving DFS custody. Custody orders under the juvenile code trump all other inconsistent custody orders. The potential for this inconsistency was not, and could not be, resolved by consolidation of the dissolution and juvenile cases. That is, *no court* had jurisdiction to proceed on the motion to modify custody in the dissolution decree while there was a custody determination in effect under the juvenile code because the operation of any judgment modifying the decree would have been inconsistent with and precluded by the juvenile code judgment. Rather than consolidate the cases, the court should have dismissed the motion to modify for lack of jurisdiction.

■ That is not to say that the court cannot achieve the desired end here—transfer of custody to Father—but it must do so by different means. The juvenile court has continuing jurisdiction to modify

its previous judgments and orders at any time on its own motion. Section 211.251.1. The juvenile courts are afforded great deference in their decisions to modify. *See T.R. v. Long*, 621 S.W.2d 927, 928 (Mo. App. E.D.1981). Thus, the court could have entered a judgment changing its earlier order of custody to DFS and transferring custody to Father.

From its comments at the hearing and in the judgment, it appears that this is, in part, what the court intended to do. Were it reasonably possible to construe the judgment that way, we would do so. *See Gunkel v. Gunkel*, 633 S.W.2d 108, 110 (Mo.App. E.D.1982). But in its current form, we cannot. This judgment cannot be read as anything other than a judgment purporting to modify the child custody determination in the dissolution decree. To that extent, it is void, and no construction thereof could render it valid.

This judgment is void for lack of jurisdiction, and therefore we acquire appellate jurisdiction only to determine its invalidity and dismiss the appeal. *Marriage of Jeffrey*, 53 S.W.3d at 176; *see also Bellon Wrecking & Salvage Co. v. David Orf, Inc.*, 983 S.W.2d 541, 549 (Mo.App. E.D. 1998).

### III. CONCLUSION

The judgment purporting to modify the dissolution decree was entered without jurisdiction and is void. Appeal dismissed.[2]

KATHIANNE KNAUP CRANE, J. and MARY K. HOFF, J. concurring.

---

**2.** Mother's motion for leave to file a supplemental legal file showing that the hearing in the juvenile case remains set is denied. That

information is not material to our determination of this appeal. *See* Rule 81.12(e).