STATE ex rel. David WOMACK,
Relator,

v.

The Honorable Dennis A.
ROLF, Respondent.

State ex rel. David Lee
Womack, Relator,

v.

The Honorable Dennis A.
Rolf, Respondent.

State ex rel. Robert Cooper,
Sr., Relator,

v.

The Honorable Dennis A.
Rolf, Respondent.

Nos. SC 86547, SC 86548, SC 86549.

Supreme Court of Missouri,
En Banc.

Oct. 18, 2005.

George L. Stafford, Slater, MO, for Relator.

James A. Waits and Stephanie L. Anglin, Kansas City, MO, for Respondent.

Edward B. McInteer, Marshall, MO, Guardian Ad Litem for Respondent.

Sanford P. Krigel and Karen S. Rosenberg, Kansas City, MO, for Amicus Curiae Midwest Foster Care and Adoption Association.

LAURA DENVIR STITH, Judge.

The issue before this Court is whether section 211.093, RSMo,[1] precludes a prospective adoptive parent from filing a petition for adoption of a child under chapter 453 of the Missouri statutes if the child is already subject to the jurisdiction of the juvenile division of the circuit court pursuant to an abuse and neglect or termination of parental rights proceeding filed under chapter 211. Section 211.093 provides that an order entered under the authority of either chapter 210 or chapter 211 "*shall ... take precedence over any order or judgment concerning the status or custody of a child under age twenty-one entered by a court under authority of chapter 452, 453, 454 or 455, RSMo, but only to the extent inconsistent therewith.*" Sec. 211.093 (emphasis added).

For the reasons set out below, this Court finds there is no inconsistency in permitting an adoption action to be filed during the pendency of a chapter 211 proceeding. Section 211.093 and related statutes clearly contemplate that adoption proceedings may be *filed* and may proceed before the judge before whom the chapter 211 proceedings are pending even if the children who are sought to be adopted are still in foster care or otherwise subject to the jurisdiction of the juvenile division judge under chapter 211, so long as no inconsistent order is entered by the judge.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The children whose care and custody is the subject of the underlying proceedings are J.A.W., L.A.W. and J.A.C.

*Proceedings Involving J.A.W. and L.A.W.* In November 2001, Respondent, Judge Dennis Rolf, acting as judge of the juvenile division of the Circuit Court of Saline County, took jurisdiction over J.A.W. and L.A.W., pursuant to section 211.031. Their legal and physical custody was thereafter placed in the Division of Family Services (or DFS, now the Children's Division). In August 2004, following a hearing, Respondent entered a permanency plan requiring the Children's Division to seek adoption or an independent living arrangement for both L.A.W. and J.A.W. Sec. 211.447.2(1).

In April 2004, Garth and Diane Bibens filed a petition under chapter 453 to adopt J.A.W.[2] That petition also was filed with Respondent as judge of the juvenile division of the Circuit Court of Saline County. A separate petition was filed in June 2004 by a different adoptive parent, Judy Wilckens, to adopt L.A.W., and was assigned to Respondent. Whether those two adoption petitions should be dismissed because the chapter 211 cases involving J.A.W. and L.A.W. are still separately pending is the subject of two of the preliminary writs issued by this Court.

*Proceedings Involving J.A.C.* The third adoption proceeding involves J.A.C. Respondent ordered jurisdiction to be taken over J.A.C. in 1996, and DFS was granted full legal and physical custody over J.A.C. in 1998. In September 2003, after a hearing, Respondent determined that adoption was the appropriate permanency plan for J.A.C. and that termination of parental rights would be pursued. Sec.

---

1. All statutory citations are to RSMo 2000 unless otherwise indicated.

2. At oral argument, it was suggested that the adoption issue may be moot as to J.A.W. because he reached age 18 during the pendency of the case and adoption may proceed

without the consent of the natural parent for children 18 years or older. Sec. 453.030, RSMo Supp.2004. As the preliminary writs are quashed for the reasons set out in this opinion, this Court leaves this issue for resolution by the trial court.

211.447.2(1). In June 2004, Judy Wilckens filed a petition to adopt J.A.C.; it is the subject of the third preliminary writ issued by this Court.

***Motions to Dismiss.*** The natural father of L.A.W. and J.A.W. is Relator David Womack. Relator Robert Cooper, Sr., is J.A.C.'s natural father. Relators Womack and Cooper filed motions to dismiss the adoption petitions, alleging their very filing was inconsistent with the continued pendency of jurisdiction over the children under chapter 211 and that section 211.093 requires that, where a chapter 211 proceeding is pending, such "inconsistent" proceedings must be dismissed. Respondent found that there was no inconsistency requiring dismissal of the adoption petitions. Relators petitioned this Court for writs directing Respondent to dismiss the chapter 453 petitions.

## II. STANDARD OF REVIEW

■■■ This Court will exercise its constitutional authority under Mo. Const. art. V, sec. 4, to grant a writ of prohibition in three circumstances:

(1) to prevent the usurpation of judicial power when the trial court lacks jurisdiction; (2) to remedy a[n] excess of jurisdiction or an abuse of discretion where the lower court lacks the power to act as intended; or (3) where a party may suffer irreparable harm if relief is not made available in response to the trial court's order.

*State ex rel. Proctor v. Bryson*, 100 S.W.3d 775, 776 (Mo. banc 2003). "The essential function of prohibition is to correct or prevent inferior courts and agencies from acting without or in excess of their jurisdiction." *State ex rel. Douglas Toyota III, Inc. v. Keeter*, 804 S.W.2d 750, 752 (Mo. banc 1991). It is also "not generally intended as a substitute for correction of alleged or anticipated judicial errors...." *Id.*

## III. THE MERE FILING OF AN ADOPTION PETITION IS NOT INHERENTLY INCONSISTENT WITH THE CONTINUED PENDENCY OF A CHAPTER 211 PROCEEDING

■■■ Relators argue that section 211.093 requires dismissal of any adoption petition filed during the pendency of proceedings under chapter 211. Relators' argument is inconsistent with the plain wording of section 211.093, which states:

*Any order* or judgment entered by the court *under authority of this chapter* or chapter 210, RSMo, *shall, so long as such order or judgment remains in effect, take precedence over* any order or judgment concerning the status or custody of a child under age twenty-one entered by a court under authority of chapter 452, 453, 454 or 455, RSMo, *but only to the extent inconsistent therewith.*

Sec. 211.093 (emphasis added).

As is evident, section 211.093 does not state that an adoption proceeding may not be filed while a chapter 211 proceeding is pending. To the contrary, it specifically anticipates that the two proceedings may be pending at the same time, for it provides rules to avoid the potential for the entry of inconsistent orders in the two proceedings. It states chapter 211 orders shall take precedence over chapter 453 orders "to the extent" that the latter are "inconsistent" with any pending orders under chapter 211.

This means that to the extent that orders may be entered in a case filed under chapter 453 that are *not* inconsistent with pending orders entered under chapter 211, the orders entered in the chapter 453 proceeding are valid. Section 211.093, in oth-

er words, sets the priority in which orders under chapters 453 and 211 shall be applied; it does not prohibit the filing of an adoption petition under chapter 453, nor does it negate orders entered in a chapter 453 action that are not inconsistent with orders entered in the chapter 211 proceeding.

Relators argue that this reading of the statute is at odds with the interpretation of section 211.093 by this Court in *Matter of J.F.K.*, 853 S.W.2d 932 (Mo. banc 1993). *J.F.K.* did affirm the trial court's dismissal of an adoption proceeding under chapter 453 as being inconsistent with a pending neglect proceeding under chapter 211, finding that the juvenile division's jurisdiction to proceed on the adoptive parents' petition for custody and adoption was preempted by the pending order in the neglect proceeding regarding custody.

*J.F.K.* is distinguishable on numerous grounds. First, in *J.F.K.*, the adoption petition and the neglect proceeding were pending before two different judges, and no petition to terminate parental rights was contemplated in the neglect proceeding. Further, the children were not in the custody of the adoptive parents. The risk of entry of inconsistent orders in the two proceedings was, thus, almost unavoidable. It was on these facts that *J.F.K.* found that the two proceedings could not proceed concurrently. *Id.* at 934–35.

More importantly, Relators ignore the fact that the legislature specifically changed the adoption statutes after *J.F.K.* was decided to provide for the concurrent pendency of both neglect or termination and adoption proceedings before the same judge. At the time *J.F.K.* was decided, section 453.010, RSMo 1986, simply addressed the venue of adoption petitions and when a spouse must join in such a petition. Section 453.010 has since been amended and now expressly contemplates that a petition for adoption may be filed as to a child who already is under juvenile division jurisdiction:

> If the person sought to be adopted is a child *who is under the prior and continuing jurisdiction of a court pursuant to the provision of chapter 211, RSMo, any person desiring to adopt such person as his or her child shall petition the juvenile division of the circuit court which has jurisdiction over the child for permission to adopt such person as his or her child. . . .*

Sec. 453.010.3, RSMo Supp.2004 (emphasis added). On its face, this statute authorizes the filing of an adoption petition as to a child subject to a pending chapter 211 proceeding and provides that the adoption petition is to be filed with the judge who is handling the chapter 211 proceeding. This provision, which had not been enacted at the time *J.F.K.* was decided, avoids the dangers of inconsistency that *J.F.K.* thought might arise where, as in *J.F.K.*, the two cases were proceeding before different judges.

■ Other provisions of chapter 453, adopted or amended since *J.F.K.*, also on their face contemplate that a chapter 453 proceeding and a chapter 211 proceeding may proceed concurrently.[3] For example, section 453.080.1(1) specifically waives certain prerequisites to adoption if the court finds "that the person sought to be

---

**3.** A term in a statute must be considered in context. *State, Mo. Dept. Soc. Servs. v. Brookside Nursing Center, Inc.*, 50 S.W.3d 273, 277 (Mo. banc 2001). In construing a statute it is appropriate to take into consideration statutes involving similar or related subject matter when such statutes shed light upon the meaning of the statute being construed, even though the statutes are found in different chapters and were enacted at different times. *Citizens Elec. Corp. v. Dir. of Dept. of Revenue*, 766 S.W.2d 450, 452 (Mo. banc 1989).

adopted is a child who is under the prior and continuing jurisdiction of a court pursuant to chapter 211, RSMo, and the person desiring to adopt the child is the child's current foster parent. . . ." Sec. 453.080.1(1), RSMo Supp.2004. *See also* section 453.070.7, RSMo Supp.2004 (court has discretion to give preference to foster parents with custody under chapter 211 for adoption in some cases).

Relators do not offer an alternative interpretation of these statutes, but rather argue that they must simply be ignored because they are implicitly inconsistent with *dicta* in *J.F.K.* as to the meaning of section 211.093. For the reasons already stated, *J.F.K.* was decided under different law and is not dispositive. In any event, "[t]he primary rule of statutory construction requires this Court to ascertain the intent of the legislature by considering the plain and ordinary meaning of the words used in the statute." *Jones v. Dir. of Revenue*, 832 S.W.2d 516, 517 (Mo. banc 1992). "[E]ach word, clause, sentence and section of a statute should be given meaning." *Hadlock v. Dir. of Revenue*, 860 S.W.2d 335, 337 (Mo. banc 1993). Courts will reject an interpretation of a statute that requires ignoring the very words of the statute. *Id.* Relators' reading of the statutes is rejected because it would require this Court to ignore the plain meaning of those provisions permitting the filing of actions under chapter 453 before the same judge who is handling the chapter 211 proceeding.

The system adopted by the legislature, permitting the filing of the adoption proceeding before the same judge handling the neglect proceeding, even if the latter is still pending, minimizes the time children "must remain in limbo while the judicial system runs its course." *D.G.N. v. S.M.*, 691 S.W.2d 909, 914 (Mo. banc 1985). To require prospective parents to wait before filing adoption pleadings is inconsistent with the plain meaning of the statutes. *See* secs. 211.447(5), 211.464, RSMo 2000; secs. 453.010.3, 453.070.7, 453.080.1(1), RSMo Supp.2004.[4]

In so holding, this Court does not intend to suggest that the fact that the adoption petition may be filed before the chapter 211 jurisdiction is terminated means that orders regarding custody or adoption can be entered in the adoption proceeding that are inconsistent with orders that are still in effect in the pending chapter 211 proceeding. As discussed earlier, section 211.093 specifically provides that orders entered in a chapter 211 proceeding take precedence over inconsistent orders entered in a chapter 453 proceeding. Sec. 211.093. The proper method of avoiding the entry of inconsistent orders in this type of situation is described in *Blackburn v. Mackey,* 131 S.W.3d 392, 396–98 (Mo. App. W.D.2004). *Blackburn* rejected a similar argument that a chapter 452 proceeding is inherently inconsistent with a chapter 211 proceeding, stating "[w]e see no problem with the simultaneous pen-

---

4. To bar filings for adoption until after a neglect or termination of parental rights proceeding was entirely concluded would further lengthen custody and adoption proceedings. In most cases in which parental rights are terminated as a result of the neglect proceeding under chapter 211, it would also necessitate an interim period in which the child would be without either natural or adoptive parents or custodians. Relators suggested at oral argument that the child's rights and needs could be protected by filing a guardianship proceeding and appointing a guardian for the child during the interim period. Nothing in chapters 211 or 453 contemplates the imposition of such an additional period of delay and layer of bureaucracy in the adoptive process, however. Indeed, to do so would be inconsistent with the expressed legislative directive to expedite determination of contested termination of parental rights and adoption cases. Sec. 453.011.3.

dency of the two proceedings." *Id.* at 395. Conflict can be avoided, as it was in *Blackburn,* if the trial judge, before whom both proceedings will be pending, simply ensures that consistent custody orders are entered in both cases and ultimately relinquishes the court's jurisdiction over the child under chapter 210 or 211 prior to entry of an order providing for a different custody arrangement, or for adoption, under chapters 452–455. *See, e.g., Blackburn,* 131 S.W.3d at 396–98.

In addition, of course, no final order of adoption can be entered pending appeal by a natural parent who seeks to reverse the decision to terminate his or her parental rights. Finalizing an adoption while a decision terminating parental rights is on appeal "compromises the parent's right to appellate review." *State ex rel. N.H.L. v. DePriest,* 136 S.W.3d 72, 73 (Mo. banc 2004). For this reason, it is an abuse of discretion to finalize the adoption while appeal of a termination of parental rights proceeding is pending. *Id.*

## IV. CONCLUSION

For the reasons set out above, this Court holds that the filing of a chapter 453 action before the same judge who is handling the chapter 211 proceeding is permissible and does not constitute an "inconsistent" order as that term is used in section 211.093. The preliminary writs of prohibition previously entered are quashed.

All concur.