

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

IN THE INTEREST OF: )
T.J. & W.J., )
                 **Plaintiff,** )
)
**JUVENILE OFFICER,** )   **WD78963**
              **Respondent,** )
)   **FILED: July 26, 2016**
**v.** )
)
**V.L.C. (Mother),** )
               **Appellant.** )

### Appeal from the Circuit Court of Jackson County
### The Honorable John M. Torrence, Judge

### Before Division One: Anthony Rex Gabbert, P.J., and
### Thomas H. Newton and Alok Ahuja, JJ.

The Circuit Court of Jackson County entered judgment finding that V.L.C.'s children, T.J. and W.J., were subject to the jurisdiction of the court pursuant to § 211.031, RSMo, on the basis of neglect. The court placed the children in the custody of their father (V.L.C.'s ex-husband), subject to supervision by the Children's Division of the Department of Social Services.

V.L.C. ("Mother") appeals. Subsequent to the filing of Mother's notice of appeal, however, the circuit court entered a final judgment terminating the court's prior orders and releasing the children from the jurisdiction of the court. In light of the circuit court's final judgment, the appeal is moot, and we accordingly dismiss it.

## Factual Background

T.J. and W.J. were born of the marriage of Mother and J.J. ("Father") on November 8, 2004 and October 19, 2006, respectively. Mother and Father's marriage was dissolved in 2007. Pursuant to the dissolution judgment, Mother was granted physical custody of the children.

The original parenting plan required Mother and Father to consult each other about any medical treatment for the children, although Mother had the authority to make final decisions concerning the children's medical care. In March 2014 Mother began taking T.J. to Dr. Jacobson at Children's Mercy Hospital for the initiation of gender reassignment therapy. On July 1, 2014, the circuit court modified the parenting plan to require each parent to obtain explicit written consent from the other parent for any medical treatment.

On January 29, 2015, Children's Division staff visited Mother's home with law enforcement officers in response to allegations that Mother was neglecting the children. During that visit, Mother threatened to kill herself and her children if the Children's Division attempted to remove the children from her custody. After the home visit, the law enforcement officers requested that the Children's Division take protective custody of the children.

On January 30, 2015, the Jackson County Juvenile Officer filed a petition under § 211.031 RSMo, alleging that the children were without proper care, custody and support due to Mother's neglect. The Juvenile Officer sought to have the children placed in the protective custody of the Children's Division.

On April 17, 2015, an adjudication hearing was held in the circuit court. The court entered its adjudication judgment on April 23, 2015. In that judgment the court found that it had jurisdiction over the children because they had been neglected. The court found that Mother had threatened to kill herself and the children, had sought medical treatment for T.J. to which Father

2

had not agreed, had "abusively encouraged" T.J. to engage in gender reassignment therapy "through the use of irrational and frightening communication," and had "unreasonably exposed [T.J.] to risk of harm by publicly posting photos and transgender reassignment information regarding her children on Facebook."

The circuit court held a disposition hearing on May 1, 2015. On May 4, the court entered a temporary dispositional order and continued the disposition hearing and case review for July 9, 2015. The temporary order placed the children in Father's custody, under the Children's Division's supervision. On July 9, another disposition hearing was held, and a final judgment on disposition was entered on August 7, 2015, leaving the children in Father's custody under supervision of the Children's Division.

Mother filed a notice of appeal on August 28, 2015. On September 17, 2015, the circuit court entered a "Judgment Releasing from Jurisdiction." It found "that the [children] are no longer in need of the services of this Court," and ordered "that the prior orders be terminated and, all parties being in agreement, said juveniles be and are released and discharged from the jurisdiction of the Court."

**Analysis**

Before considering the merits of this dispute, we must determine whether or not we have jurisdiction to decide the appeal. An appellate court is not permitted to review moot claims of error. A case is moot when the circumstances that surround it change sufficiently to cause a legal controversy to cease, and a decision by the judiciary would be insignificant in providing effective relief.

*In the Interest of J.T.S.*, 462 S.W.3d 475, 477 (Mo. App. W.D. 2015) (citations and internal quotation marks omitted).

3

Mother asks that we reverse the circuit court's ruling "that the children shall remain in the care and custody of [Father], under the supervision of the Children's Division." But the circuit court already granted her that relief in its judgment of September 17, 2015, when it terminated its prior orders, and released the children from its jurisdiction.[1]

An appeal in an abuse or neglect case under § 211.031, RSMo is moot where the circuit court has terminated the underlying proceeding and released the affected children from jurisdiction. As we explained in *J.T.S.*, "[b]ecause Mother has now secured the relief she seeks in this appeal, a decision by this court would not grant any effective relief. . . . There remains no live controversy before this court, rendering Mother's appeal moot." 462 S.W.3d at 478 (citations and internal quotation marks omitted); *see also*, *e.g.*, *In re F.R.D.*, 481 S.W.3d 32, 34-35 (Mo. App. W.D. 2015); *In re M.T.*, 431 S.W.3d 539, 542-43 (Mo. App. E.D. 2014); *In re J.L.R.*, 257 S.W.3d 163, 165 (Mo. App. W.D. 2008).

Although an appeal is moot, we nevertheless have the discretion to address the merits in two circumstances.

> Appellate courts are required to dismiss appeals that are moot except in two narrow situations: when the case becomes moot after submission and argument, and when the issue raised has general public interest and importance and is likely to recur and will otherwise evade appellate review. These exceptions to the mootness doctrine are to be narrowly construed. If an exception to the mootness doctrine applies, dismissal of a moot appeal becomes discretionary.

*J.T.S.*, 462 S.W.3d at 478 (citations and internal quotation marks omitted).

---

[1] Section 211.093, RSMo provides in relevant part that any order or judgment entered in a proceeding under section 211.031 "shall, so long as such order or judgment remains in effect, take precedence over any order or judgment concerning the status or custody of a child" which is entered in a dissolution proceeding. *See Blackburn v. Mackey*, 131 S.W.3d 392, 395 (Mo. App. W.D. 2004); *Ogle v. Blankenship*, 113 S.W.3d 290 (Mo. App. E.D. 2003). The circuit court's final judgment releasing the children from jurisdiction explicitly terminated any earlier orders the court had entered.

4

The Juvenile Officer raised its claim of mootness in its Respondent's Brief, but Mother did not file a reply brief responding to this issue. Accordingly, Mother has not challenged the Juvenile Officer's assertion that the appeal is moot, or argued that any exception to the mootness doctrine applies here. We conclude that the appeal does not fall within either of the two recognized exceptions to the mootness doctrine. The case became moot shortly after Mother filed her notice of appeal, and well before the case was argued or submitted. Moreover, Mother's appeal raises fact-specific issues concerning the circuit court's adjudication and dispositional orders, rather than a legal issue which would have significance in other cases. Even if Mother's appeal raised a recurrent legal issue of general importance, there is no indication that the issue would evade appellate review in a future case. Neither of the mootness exceptions justifies addressing the merits of Mother's appeal.

**Conclusion**

The appeal is dismissed.

_____
Alok Ahuja, Judge

All concur.