**IN the INTEREST OF: S.G.F., A.D.F., D.N.H., F.H. and S.M.H., Minors,**

**Scott County Juvenile Office, Petitioner–Respondent,**

v.

**R.N.B., Respondent–Appellant.**

**Case Nos. SD34352, 34353, 34354, 34356, & 34358, Consolidated**

Missouri Court of Appeals, Southern District, **Division One.**

Filed: April 19, 2017

---

**3.** Breckle's Motions to Strike Respondent's Brief and Appendix and Request for Oral Argument are denied.

ATTORNEY FOR APPELLANT—RE-BECCA A. REED, Scott City, MO

ATTORNEY FOR RESPONDENT—DANIEL F. NORTON, Sikeston, MO

MARY W. SHEFFIELD, C.J.

R.N.B. ("Mother") appeals from the trial court's order assuming jurisdiction over her five minor children, S.G.F., A.D.F., D.N.H., F.H., and S.M.H., Jr. (collectively, "the children"). Before reaching the merits of these appeals, this Court must address the issue of whether the appeals have become moot because the trial court entered orders terminating its jurisdiction over the children. We determine the appeals have become moot and therefore dismiss them.

### Factual and Procedural Background

Mother has five children. S.H. is the father of the three youngest children, S.M.H., Jr., D.N.H., and F.H. The father of the two older children, S.G.F and A.D.F., is J.F., who currently lives in Colorado.

The children were taken into protective custody in August 2015 based on allegations that S.H. had physically abused them. On August 25, 2015, the Juvenile Officer for the 33rd Circuit, Phillip Warren ("Mr. Warren"), filed petitions under Section 211.031.1(1)[1] involving each of the children. On September 17, 2015, the trial court held a joint adjudication and disposition hearing regarding the petitions. Thereafter, the trial court entered five judgments and orders of disposition. In those orders, the trial court found the children had been abused, made the children wards of the court, and placed the children in the custody of the Missouri Children's Division with a case goal of reunification. Mother filed a timely notice of appeal in each case.

In January 2017, many months after Mother filed her notices of appeal, the trial court entered five orders terminating its jurisdiction over the children. The trial court terminated its jurisdiction over S.G.F. and A.D.F. because both children were residing in Colorado with their father and there was a pending child custody proceeding in Colorado. The trial court found these two children were no longer in need of the care and protection of the court. The trial court terminated jurisdiction over the three youngest children because Mother and S.H. had "completed the terms and conditions of their written service agreements and case plan so that the child[ren are] no longer in need of the care and protection which this Court may provide."

Mr. Warren thereafter filed a motion to dismiss the appeals.

### Discussion

█ This case must be dismissed because the appeals are moot. The appeals

---

1. All statutory references are to RSMo Cum. Supp. (2013).

were rendered moot when the trial court entered its orders terminating its jurisdiction over the children.

 "An appellate court is not permitted to review moot claims of error." *In Interest of Z.M.W.*, 498 S.W.3d 828, 831 (Mo. App. S.D. 2016) (quoting *In Interest of J.T.S.*, 462 S.W.3d 475, 478 (Mo. App. W.D. 2015)). "A case is moot when the circumstances that surround it change sufficiently to cause a legal controversy to cease, and a decision by the judiciary would be insignificant in providing effective relief." *In Interest of T.J.*, 495 S.W.3d 793, 796 (Mo. App. W.D. 2016). "An appeal in an abuse or neglect case under § 211.031, RSMo is moot where the circuit court has terminated the underlying proceeding and released the affected children from jurisdiction." *Id.*

Here, the trial court terminated its jurisdiction over the children in January 2017. The three youngest children were returned to Mother's care, and the two older children are living with their father in Colorado. Consequently, an opinion by this Court in the abuse and neglect case would have no practical effect. The issues in this case are moot, and the appeals must be dismissed. *See id.*

It is true there are exceptions to the mootness doctrine. *See, e.g., J.T.S.*, 462 S.W.3d at 478. However, Mother abandoned her reliance on those exceptions during oral argument, so we need not consider the application of those exceptions to the facts of the present case.

Mother's only argument against dismissal is that the trial court had no jurisdiction to enter the orders terminating its jurisdiction because the trial court failed to comply with the provisions of the Interstate Compact on the Placement of Children, § 210.620. Since the trial court lacked jurisdiction, Mother's argument continues, those orders are void, and there is still a live, on-going child protective case pending in the trial court. This argument overlooks the decision of the Supreme Court of Missouri in *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249 (Mo. banc 2009). In that case, the Supreme Court of Missouri limited the reach of such jurisdictional arguments by clarifying the concept of subject matter jurisdiction, stating that "[w]hen a statute speaks in jurisdictional terms or can be read in such terms, it is proper to read it as merely setting statutory limits or remedies or elements of claims for relief that courts may grant." *Id.* at 255. Violations of such limits, however, do not deprive the trial court of the power to act. That is, whether or not the trial court complied with the requirements of Section 210.620, an issue we need not and do not decide, the trial court's order was not void. *See Forsyth Financial Group, LLC v. Hayes*, 351 S.W.3d 738, 740 (Mo. App. W.D. 2011).

The trial court entered orders terminating its jurisdiction over the children. Thus, the issues raised in Mother's appeals are moot.

### Decision

The appeals are dismissed.

JEFFREY W. BATES, P.J.— CONCURS

DON E. BURRELL, J.—CONCURS