Nancy Steffen Rahmeyer, J.
R.J.L. ("Father") filed an untimely notice of appeal from the juvenile court's order terminating jurisdiction over A.L.R. ("Child"). Father then filed a motion to permit a late filing of the notice of appeal. We deny the motion to permit a late filing and dismiss the appeal for two reasons. First, the affidavit in support of the motion to file a late notice of appeal does not contain any facts demonstrating that the failure to timely file was not due to Father's culpable negligence as required by Rule 81.07.[1] Second, Father is attempting to raise a moot issue.
"Rules 110 to 129 shall govern practice and procedure in the juvenile court and family court divisions of the circuit court under ... chapter 211, RSMo." Rule 110.01. Rule 119.03.a and c, in part, provide that the court may terminate jurisdiction over a juvenile "at any time on the court's own motion" or may terminate jurisdiction on the motion of "[a]ny party ... at any time." Rule 120.01.a provides, "[a]n appeal shall be allowed as provided by statute." In turn, section 211.261.1, RSMo 2016, provides in part that "[a]n appeal shall be allowed to a parent from any final judgment, order or decree made under the provisions of this chapter which adversely affects him." But:
*815 "[a]n appellate court is not permitted to review moot claims of error." [ In Interest of J.T.S. , 462 S.W.3d 475, 477 (Mo.App. W.D. 2015) ]. " 'A case is moot when the circumstances that surround it change sufficiently to cause a legal controversy to cease, and a decision by the judiciary would be insignificant in providing effective relief.' " Id. [citation to decision quoted omitted].
Here, the case is moot because this [C]ourt cannot grant the only relief that Mother requests-"grant[ing Mother] custody of [F.D.]"-because the final custody determination was not made in the case Mother has appealed. The juvenile court entered an order terminating its jurisdiction, and authorized the dissolution court to determine [custody] in Mother and Father's dissolution proceeding. And the dissolution court granted Father full custody.
In the Interest of F.R.D. , 481 S.W.3d 32, 34-35 (Mo.App. W.D. 2015) (bracketed material added except for [ing Mother] and [F.D.] ); see also In the Interest of S.G.F. , 516 S.W.3d 903 (Mo.App. S.D. 2017) (similar analysis).
In this controversy, Father filed a separate custody proceeding while the juvenile proceeding was pending before the juvenile court.[2] Child's grandfather ("Grandfather") intervened in the custody proceeding. On January 18, 2018, the trial court in the custody proceeding issued a letter indicating that the trial court intended to grant sole legal and physical custody of Child to Grandfather and requesting that Grandfather's attorney prepare a proposed judgment. Shortly afterwards, the juvenile officer filed a motion in the juvenile proceeding requesting that "jurisdiction over [Child] be released for the reasons that on January 18, 2018, [Child's] grandfather was awarded sole legal and physical custody of [Child] as a third party in a custody case." The trial court in the juvenile proceeding granted the motion and, on February 2, 2018, entered an order terminating the juvenile court's jurisdiction over Child. On February 21, 2018, the trial court in the custody proceeding entered judgment awarding Grandfather sole legal and physical custody of Child.
As in F.R.D. , the legal controversy in the juvenile proceeding before us ceased on the juvenile court's termination of its jurisdiction over Child, and there is no custody determination for us to review in this appeal because a final custody determination never was made in the juvenile proceeding.
Further, even if this appeal were not moot, only a parent who is adversely affected by a final judgment, order or decree may bring an appeal under section 211.261.1. It is hard to imagine how Father was adversely affected by the juvenile court decision to not continue its jurisdiction over Child. Father is in exactly the same position he was in prior to the juvenile court's initial determination to take jurisdiction of Child. Appeal dismissed.[3]
Don E. Burrell, P.J. - Concurs
Gary W. Lynch, J. - Concurs

All rule references are to Missouri Court Rules (2018).

The same judge presided over both proceedings. In reviewing for mootness, we may consider facts outside the record, and do so in this appeal by reviewing the trial court record of the separate custody proceeding. F.R.D. , 481 S.W.3d at 35 n.5. An appeal is also pending before us in the separate custody proceeding in SD35511.

Grandfather's motion to dismiss for failure to file a transcript, which was taken with the case, is denied.